## (January 26, 1965)

■ In the Matter of the Arbitration between LAFAYETTE IRON WORKS, INC., Respondent, and WILAKA CONSTRUCTION CO., INC., Appellant.— Order, entered on April 21, 1964, denying motion to stay arbitration, unanimously reversed, on the law, on the facts and in the exercise of discretion, without costs and without disbursements and motion granted, without costs. The subcontractor, Lafayette Iron Works, Inc., seeks arbitration of an alleged claim against the contractor, Wilaka Construction Co., Inc. Whether the parties entered into a valid agreement for the arbitration of the particular claim is to be determined by the court. (CPLR 7502.) "What the parties agreed to and whether they agreed is for the court." (*Matter of Uddo* [*Taormina*], 21 A D 2d 402; see, also, *Matter of Camhi*, 13 A D 2d 752; cf. *Durst* v. *Abrash*, 22 A D 2d 39.) The contract between these parties does contain an arbitration clause but it expressly provides for the exclusion

from arbitration as between them of "any disputes * * * which involve determinations by the Owner" and which are subject to arbitration as between the contractor and the owner. It is provided that such disputes shall be arbitrable solely in accordance with the provisions of the contract between the contractor and the owner and in a proceeding between them. It appears that the claim now sought to be arbitrated by the subcontractor is for extra work for which the owner is alleged to be liable and that the disputes "involve determinations by the Owner" as to its liability; that the subcontractor had requested the contractor to submit its claim to the owner, and that an arbitration proceeding involving the claim is now pending between the contractor and the owner. (See *Matter of Wilaka Constr. Co.* [*New York City Housing Auth.*], 23 A D 2d 538.) Nevertheless, in view of the fact that the subcontractor's demand for arbitration is general and could embrace an arbitrable claim against the contractor independent of and not involving the disputes with the owner, if any such claim exists, the order hereon granting stay of arbitration is without prejudice to an application to vacate the stay to be made on the final termination of the arbitration between the contractor and the owner. Concur — Botein, P. J., Valente, McNally, Eager and Staley, JJ.